**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICARDO LU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:   4:22-cv-96 |
| v. ) | |
| ) | |
| THE BOEING COMPANY, ) | |
| a Foreign Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICARDO LU ("Mr. Lu" or "Plaintiff") files this Complaint against Defendant, The Boeing Company ("Boeing" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. This venue is proper because Plaintiff worked for Defendant, a foreign corporation, in St. Louis County, Missouri, where the actions giving rise to the claim arose.

6. Defendant is a foreign corporation that is located and does business in St. Louis County, Missouri, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered

discrimination and harassment because of his disability or "perceived disability" by Defendant; and

b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10.     Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11.     On or around June 16, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and MO Commission on Human Relations ("MCHR") alleging disability discrimination and retaliation against Defendant.

12.     On November 01, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.     Mr. Lu worked for Boeing as a Software Testing Engineer from April 26, 2019, until his termination on April 14, 2021.

16.     Unfortunately, on January 25, 2021, Mr. Lu was in a motor vehicle accident, which led to disabilities and serious health conditions, including debilitating pain, loss of range of motion, numbness, sleeplessness, anxiety, and depression.

3

17. Stoically, Mr. Lu attempted to simply grit his teeth and power through his disabilities and serious health conditions.

18. On March 12, 2021, Mr. Lu disclosed his disabilities and serious health conditions to his Boeing Manager, Ucechukwu Iheadindu.

19. Mr. Lu further disclosed that his disabilities and serious health conditions were causing him difficulty concentrating and causing him severe sleeplessness.

20. From March 30, 2021, through April 4, 2021, Mr. Lu availed himself to a brief period of unpaid FMLA leave in order to treat and address his disabilities and serious health conditions.

21. Mr. Lu's disabilities and serious health conditions flared up again, on or about April 14, 2021.

22. Mr. Lu was therefore admitted to a nearby hospital on April 14, 2021, where he stayed for over a week.

23. Mr. Lu was diagnosed with severe depression during this hospital stay.

24. Upon being admitted to the hospital, April 14, 2021, Mr. Lu informed Mr. Iheadindu of his hospitalization.

25. In response, that same day, April 14, 2021, Boeing informed Mr. Lu that Boeing had decided to terminate his employment, effective immediately

26. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, and the FMLA were intended to prevent.

27. Mr. Lu's termination stemmed from its discriminatory animus toward his very recent use of leave, which was or should have been protected FMLA leave, and his need for accommodation under the ADA.

28. The timing of Plaintiff's termination makes the causal connection between his use or attempted use of FMLA leave, his request for reasonable accommodation under the ADA, and his termination sufficiently clear.

29. Mr. Lu is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Software Testing Engineer.

30. Allowing Mr. Lu to utilize a period of unpaid leave, without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

31. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

32. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

33. Defendant was aware of Plaintiff's ADA-protected disability and need for accommodation.

34. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

35. Defendant, however, being well aware of Plaintiff's disability, discriminated and retaliated against Plaintiff for requesting reasonable accommodation in the form of taking time off work.

36. In short, despite the availability of reasonable accommodation under the ADA, Defendant discriminated against Mr. Lu based solely upon his disability.

37. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

38.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

39.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

40.     Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

41.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

42.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment and is, therefore, a protected class member as envisioned by the ADA.

43.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

44.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

45.     Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

46.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

47.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

48.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Lu notifying Boeing of his serious health condition, and in retaliation for Mr.

6

Lu utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to address same.

49. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

50. Defendant did not have a good faith basis for its actions.

51. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

52. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

53. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 15 through 28, and 44 through 54, above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Mr. Lu to the same or substantially similar position he was in prior to using FMLA leave.

58. Defendant denied Plaintiff FMLA benefits he was otherwise entitled to.

59. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 15 through 28, and 44 through 54, above.

63. At all times relevant hereto, Plaintiff was protected by the FMLA.

64. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

65. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

66. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

67. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

68. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 43, and 50 through 54, above.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

71. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT V
### RETALIATION UNDER THE ADA BASED ON DISABILITY

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 43, and 50 through 54, above.

77. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations.

78. Plaintiff's objections, and requests for accommodations constituted protected activity under the ADA.

79. Plaintiff was terminated as a direct result of him requesting reasonable accommodations.

80. Plaintiff's requests for reasonable accommodations, and his termination, are causally related.

81. Defendant's stated reasons for Plaintiff's termination are a pretext.

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. The conduct of Defendant was so willful and wanton, and in such reckless disregard

10

of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

84. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

85. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 25th day of January 2022.

>Respectfully Submitted,
>
>THE FURNISS LAW FIRM
>
>*/s/ Ryan Furniss*
>Ryan M. Furniss (MO #53787)
>7750 Clayton Road, Suite 102
>St. Louis, Missouri 63117
>Telephone: (314) 899-9101
>Facsimile: (314) 627-5891
>Email: rfurniss@furnisslaw.com
>
>
>AND

                              RICHARD CELLER LEGAL, P.A.

                              */s/ Noah Storch*
                              Noah E. Storch, Esq.
                              0085476 (FL) (pro hac vice forthcoming)
                              10368 W. SR 84, Suite 103
                              Davie, Florida 33324
                              Telephone: (866) 344-9243
                              Facsimile: (954) 337-2771
                              E-mail: noah@floridaovertimelawyer.com